Per Curiam.
There can be no question, since the decision ire M'Bride v. The Marine Insurance Company, (5 Johns. Rep. 299.) that the detention by the embargo ivas a justifiable cause of abandonment. The only real point in the case is, whether the purchase and employment of the vessel by the assured, subsequent to the abandonment, was not a waiver of it, and turned the total into a partial loss. If the decision in Saidler & Craig v. Church, in July term, 1799, (see the substance of this case in 2 Caines' Rep. 286.) is to be regarded as authority, there can be as little doubt on this point as on the other. The plaintiffs, after the abandonment, caused the vessel to be sold and purchased in by their agent on their own account, and they immediately, and without any change of papers, or any communication with the defendants, employ the vessel on another voyage, The doctrine in the case, of The United Insurance Company v. Robinson & Hartshorne. (2 Caines’ Rep. 280.) applies very strong to the one before us, and undoubtedly goes the whole length of deciding it, and that ease has since been affirmed in error. The assured, when he abandons and claims a total loss, and is reduced to the necessity of a sale of the subject, cannot purchase it on bis own account, without waiving the abandonment. If he persevere in the claim for a total loss, he must surrender to the insurer the benefits of the repurchase; and this rule is founded in sound policy, to prevent fraudulent speculations upon a loss, at the expense of the insurer. The decision in Saidler & Craig v. Church has never since been shaken. All the subsequent cases that allude to it deem its doctrine to be sound; and the decision in Abbott v. Sebor (3 Johns. Cases, 39.) was on the same point, and grounded on that authority. The cases of Abbot v. Broome, (1 Caines' Rep. 292.) and of Walden v. The Phoenix Insurance Company, (5 Johns. Rep. 310.) were carefully distinguished from it, and. the *182 decisions in those cases evidently admitted that if the assured, after a va]j¿| abandonment, sold and purchased in the property, on his own account, and for his own benefit, and not as agent or trustee for the insurer, he waived his abandonment, and could not go for a total loss.
There are no data in this case, from which any partial loss can be adjusted. The jury have liquidated none, and there is no provision for a reference, and the defendants are, consequently, entitled to judgment.
Judgment for the defendants.